Case 4:23-cv-00117   Document 41   Filed on 08/17/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES CINA, | § | |
| Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 4:23-cv-00117 |
| CEMEX, INC., | § § § | |
| Defendant. | § | |

# ORDER

The Chamber of Commerce of the United States (the "Chamber") has filed a motion for leave to file a brief as amicus curiae in support of Defendant's motion to dismiss. *See* Dkt. 33. Attached to its motion is a proposed 22-page amicus brief. *See* Dkt. 33-1. The Chamber claims that it can provide "a unique perspective informed by its position as the world's largest business federation." Dkt. 33 at 2. The Chamber adds:

> [T]he proposed amicus brief provides context regarding the recent surge in ERISA litigation, describes similarities among these cases that help to shed light on Plaintiff's allegations here, and provides context for how to evaluate these types of allegations in light of the pleading standard set forth by the Supreme Court.

*Id.* at 6. Plaintiff opposes the motion. *See* Dkt. 35.

No Federal Rule of Civil Procedure dictates when an amicus curiae (a.k.a. friend of the court) brief should be allowed at the district court level. Caselaw indicates that courts have broad discretion to permit the filing of an amicus brief. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) ("Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." (quotation omitted)). "Factors relevant to the determination include whether the proffered information is timely and useful or otherwise necessary to the administration of justice." *United States v. Olis*, No. H-07-3295, 2008 WL 620520, at *7 (S.D. Tex. Mar. 3, 2008) (quotation omitted).

According to Plaintiff, the proposed amicus brief "merely regurgitates Defendant's arguments," and "offers no new facts or law" that will assist me in determining whether Plaintiff's live pleading is sufficient to survive the motion to dismiss stage. Dkt. 35 at 2. Plaintiff also insists that I should reject "the Chamber's attempt to interject itself into these proceedings" because the "proffered brief is openly partisan." *Id.* at 3–4.

Without even flipping through the proposed amicus brief, I am sympathetic to Plaintiff's arguments. Amicus briefs are generally permitted at the appellate court level to assist the court in cases of general public interest. By contrast, this case is in its early stages at the district court level, with the sole legal issue being whether Plaintiff has sufficiently stated a claim. This is a highly fact-intensive inquiry, and I am not sure I really need a non-party to offer its opinion on whether the Complaint survives the pleading stage. All that said, I am fully capable of separating the wheat from the chaff. I will allow the Chamber to participate as amicus curiae. If the Chamber's submission lacks substance or merit, it will have no impact on my ultimate ruling. On the other hand, I think I would be foolish to completely ignore a brief that may offer some insight on the issues presently before me.

As a result, I **GRANT** the Chamber's Motion for Leave to Participate as Amicus Curiae (Dkt. 33). The Clerk is directed to file the Chamber's amicus curiae brief (Dkt. 33-1) as a new docket entry. Because I am allowing the submission of an amicus curiae brief, fairness dictates that I allow Plaintiff the opportunity to file a response to the Chamber's brief. To be clear, no response is required. But if Plaintiff would like to file a response, please do so by 5 p.m. on Friday, August 25, 2023.

SIGNED this 17th day of August 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE